UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                          Chapter 13

Marsha Ann Jones,                                               Case No. 13-46284

      Debtor.                                               Hon. Phillip J. Shefferly
_____/

### A<small>MENDED</small>[1] O<small>RDER</small> A<small>WARDING</small> P<small>OST</small>-C<small>ONFIRMATION</small> F<small>EES</small> A<small>ND</small> E<small>XPENSES</small>

This matter is before the Court on the Chapter 13 Trustee's objection to a fee application. On February 23, 2016, the Court held a hearing on an application for post-confirmation attorney fees filed by William R. Orlow ("Law Firm"). The Court took the application under advisement. This order is entered to address the application and the Trustee's objections. The background is as follows.

The Debtor filed this Chapter 13 case on March 28, 2013. A review of the Debtor's schedules and statement of financial affairs shows this to be a fairly routine Chapter 13 case. The Debtor owned a modest home subject to outstanding property taxes and had some unsecured debt. On June 11, 2013, the Debtor filed a first amended plan. The plan provided for payment of the property taxes over 60 months, with a 0% dividend to unsecured creditors. On July 2, 2013, the Court confirmed the Debtor's first amended plan.

Following confirmation, the Law Firm filed an application for pre-confirmation fees in the amount of $4,960.50, plus expenses of $159.52, which was granted without objection. On

---

[1] This order has been amended only to correct a formatting error in the order entered on March 4, 2016 at ECF No. 93.

December 10, 2013, the Law Firm filed an application for post-confirmation fees in the amount of $977.40, plus expenses of $80.68. Again, the Court granted it without objection.

For the next two years, there was little activity in this case, with two exceptions. On February 9, 2014, the Debtor filed a motion to compel her employer, Pyratech Security Systems, Inc. ("Pyratech") to comply with the wage order entered in this case and pay over to the Trustee the amounts that it had withheld from the Debtor's paychecks. The Court granted the motion and required Pyratech to pay $500.00 of attorney fees to the Law Firm. When Pyratech failed to comply with that order, the Debtor filed another motion on June 1, 2014. The Court also granted that motion, and awarded another $500.00 of attorney fees to the Law Firm. There was no further activity regarding Pyratech until January 4, 2016 when the Debtor filed a motion for contempt because Pyratech had failed to pay the amounts that the Court had previously ordered. The Court scheduled the motion for hearing but just prior to the scheduled hearing, Pyratech paid $1,000.00 of attorney fees to the Law Firm, and the Law Firm withdrew the motion.

Aside from the Pyratech motions, the only other activity during this time consisted of a motion that the Debtor filed on July 3, 2014 to borrow funds for the purchase of a vehicle. The Trustee objected to it because of a lack of supporting information. When the Debtor eventually supplied the required information, the Court granted the motion on a stipulation between the Debtor and the Trustee.

On January 18, 2016, the Law Firm filed a second application ("Application") for post-confirmation fees in the amount of $3,786.36, plus expenses of $120.75. The Application covers the time period of December 3, 2013 through January 12, 2016. When the Trustee filed

objections on February 5, 2016, the Court scheduled the hearing that took place on February 23, 2016.

The Trustee objects to the "overall excessiveness" of the fees sought by the Application under § 330 of the Bankruptcy Code, In re Boddy, 950 F.2d 334 (6th Cir. 1991) and In re Ulrich, 517 B.R. 77 (Bankr. E.D. Mich. 2014). In support, the Trustee makes four specific points. First, the Trustee notes that four different lawyers worked on this file, and that they essentially worked on the same matters, causing unnecessary duplication. Second, the Trustee notes that the Law Firm has already been awarded more than $6,000.00 of fees in this case, and if the Application is granted, the total attorney fees in this case will exceed $10,000.00, despite the fact that this is a routine Chapter 13 case, with a 0% dividend to unsecured creditors. Third, the Trustee points out that this case is already "running long," the Law Firm has known for some time that the case is running long, and that it will run even longer if the Application is granted, thereby jeopardizing the Debtor's prospects for plan completion. Fourth, the Trustee points out that some of the time entries relating to the Debtor's motion to incur debt were caused by attorney error.

Having now had the opportunity to review the Application and the Trustee's objections in more detail, the Court agrees with the Trustee that the Application should not be granted in full.

First, the Trustee is correct that there were four separate attorneys who worked on this file during the time period covered by the Application. Out of 19.6 total hours of attorney time in the Application, 15.5 hours were expended by Nicholas B. Andrew, who had primary responsibility for the file. Once Mr. Andrew left the Law Firm, Corey Carpenter took over and expended 1.9 hours. The Court is not troubled by the fact that those two attorneys worked on this matter. However, the Court notes that William Orlow, the most senior partner in the Law Firm, billed 1.6 hours in the

Application, and C. Jason Cardasis, the next most senior attorney in the Law Firm, also billed 0.6 hours. The billing rates of Mr. Orlow and Mr. Cardasis are $270.00 per hour. Their time entries reflect that the services they each rendered were largely to review matters that Mr. Carpenter and Mr. Andrew were fully capable of handling, particularly in a routine case like this one. The Court agrees with the Trustee that their time should be disallowed. Mr. Orlow billed $324.00 and Mr. Cardasis billed $162.00. The Court disallows both of those amounts for a reduction of $486.00.

The Trustee is correct that this is a routine Chapter 13 case with a 0% dividend to unsecured creditors. By itself, that fact does not warrant disallowance of the Application, but it does compel the Court to scrutinize more rigorously the services described in the Application to try to figure out exactly why the fees sought are so high. From the Court's examination of the time entries, it appears that approximately $1,000.00 of time (not counting time by Mr. Orlow or Mr. Cardasis) in the Application was expended in connection with the failure of Pyratech to remit sums withheld from the Debtor's paychecks to the Trustee for funding the Debtor's plan. The Court does not consider that time to be unreasonable and has already awarded attorney fees against Pyratech on two separate occasions totaling $1,000.00. It would be unfairly punitive to the Law Firm to deny it payment of those fees that were caused by Pyratech's failure to comply with orders of this Court. The Court will not make a separate reduction on account of this objection.

However, the Trustee's other remaining points are all persuasive. Putting aside the $1,000.00 for the Pyratech motions and the $195.36 for preparation of the fee application, the real issue is whether the remaining fees sought - totaling $2,105.00 - were reasonably likely to benefit the Debtor or her creditors in a routine case with a 0% dividend that is indisputably running long,

particularly since there is no reason to believe that the Debtor has the means to increase her payments to make the case run timely.

Out of this remaining total of $2,105.00, approximately $1,470.00 of time entries relate to the Debtor's motion to borrow. After reviewing the motion and the Trustee's objection to it, it appears to the Court that the Trustee is correct: the reason why so much time was expended on this very routine motion, which was ultimately resolved by stipulation, was because the Debtor did not have required documents to support the motion. It is not entirely clear whether this was caused by attorney or client error, or a combination of both. In either event, the Law Firm is well aware of the documents needed to support a motion of this kind and should have adequately supported the motion to begin with. The time spent on this motion was excessive. The Court will reduce the Law Firm's Application by $800.00 based on this objection.

That still leaves another $635.00 of time. There are some time entries (approximately $70.00) that specifically relate to services to help the Debtor get her driver's license back, and other time entries (approximately $400.00) that relate to issues concerning the property taxes on the Debtor's home, which is the main reason for this case. But most of the rest of the entries (approximately $165.00) seem to be for periodic reviews of the file and office and phone conferences with the Debtor. With the Law Firm knowing that this case was running long, but taking no action to solve that problem, these periodic reviews and conferences were not reasonably likely to benefit the Debtor or her creditors. The Court agrees with the Trustee that the fees for these services are excessive. The Court will make a further reduction of the fees sought in the Application of $165.00.

The Court shares the Trustee's view that the total fees in this case greatly exceed the amount that the Court ordinarily sees for a routine case like this one. That was already true even before the Law Firm filed the Application. Nonetheless, the Court is not going to now revisit the fees that have previously been awarded, but will instead focus only on the fees sought by the Application. With the exception of the time spent on the Pyratech matter, a significant portion of the services described in the Application – all of which will cause the Debtor's plan to run even longer and make it less likely that the Debtor's plan will complete – were not reasonably likely to benefit the Debtor or her creditors. Therefore, the Court will sustain the Trustee's objections, in part, and reduce the fees that are (i) excessive because of the number of attorneys ($486.00); (ii) excessive for the motion to borrow ($800.00); and (iii) excessive because they were not reasonably likely to provide a benefit ($165.00). That brings the total reduction to $1,451.00. Accordingly,

**IT IS HEREBY ORDERED** that the Law Firm is granted fees requested by the Application in the amount of $2,335.36 and expenses in the amount of $120.75. The $1,000.00 paid to the Law Firm shall be applied to this award, with the balance of the award to be disbursed by the Trustee.

**IT IS FURTHER ORDERED** that the remaining fees requested by the Law Firm in the Application are disallowed.

.

**Signed on March 09, 2016**

                                    **/s/ Phillip J. Shefferly**
                            **Phillip J. Shefferly**
                            **United States Bankruptcy Judge**